1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ROSA KWAN,<br><br>                    Plaintiff,<br><br>         v.<br><br>CLEARWIRE CORPORATION, CLEARWIRE COMMUNICATIONS LLC and CLEARWIRE US LLC,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>NOTICE OF REMOVAL<br><br>(King County Superior Court,<br>No. 09-2-32221-0) |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendants Clearwire Corporation, Clearwire Communications LLC, and Clearwire US LLC (collectively "Clearwire"), hereby remove to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 09-2-32221-0 SEA in the Superior Court of Washington for King County.

Removal is proper on the following grounds:

### **Removal Is Timely**

1.      Plaintiff filed this action on August 31, 2009.

2.      Plaintiff first served Clearwire with a copy of the Complaint on September 1, 2009.  This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Clearwire is filing the notice of removal within thirty days after completion of service.

NOTICE OF REMOVAL
(No. C09-        ) — 1
DWT 13406505v1 0065187-000986

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1 | **This Is a Proposed "Class Action"**

2 |     3.     Plaintiff brings this case as a class action, Compl. ¶¶ 4.1-4.8, and seeks

3 | certification of a class under Washington Superior Court Civil Rule 23. *Id.* This action is a

4 | proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under

5 | Rule 23 of the federal Rules of Civil Procedure or similar State statute or rule of judicial

6 | procedure authorizing an action to be brought by one or more representative persons as a class

7 | action."

8 | **Plaintiff Proposes a Class of More than 100 Persons**

9 |     4.     In the Complaint, plaintiff asserts against Clearwire claims on behalf of two

10 | different classes. Plaintiff first asserts a cause of action under the federal Telephone Consumer

11 | Protection Act ("TCPA") subsection prohibiting "mak[ing] any call (other than a call made for

12 | emergency purposes or made with the prior express consent of the called party) using any

13 | automatic telephone dialing system or an artificial prerecorded voice . . . to any telephone

14 | number assigned to a paging service, cellular telephone service, specialized mobile radio service,

15 | or other radio common carrier service, or any service for which the called party is charged for the

16 | call." Compl. ¶¶ 3.11-3.12 (citing 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

17 | § 64.1200(a)(1)(iii)). She asserts this cause of action on behalf of herself and the following

18 | proposed "National Class":

19 |
20 |         All persons who received a prerecorded telephone message on their telephone, including their cellular telephone, from Defendants sent by automatic dialing machine ("National Class"), at any time for the period that begins 4 years from the date of this complaint to trial . . . .
21 |

22 | Compl. ¶ 4.2. Although the Complaint makes only vague allegations regarding the nature or

23 | purpose of the call, plaintiff's counsel provided plaintiff's cell phone number that Clearwire

24 | allegedly called. Payson Decl. ¶ 2. Clearwire's business records show that one of its customers

25 | (not plaintiff) provided Clearwire the same phone number as a contact number seven months

26 | before plaintiff claims to have acquired the number. Reyes Decl. ¶ 4; Payson Decl.¶ 2.

27 | Clearwire's business records show that the same customer's account was past due and sent to

1   collections.  Reyes Decl. ¶ 4.  Clearwire's business records also show that within the past four

2   years prerecorded telephone messages have been left by automated dialers to more than 100 of

3   Clearwire's customers for collections purposes, Reyes Decl.¶ 5, as is permitted under the TCPA.

4   *See* 47 U.S.C. § 227(b)(1)(B) (authorizing Federal Communications Commission ("FCC") to

5   create exemptions by rule or order from the TCPA's prohibitions regarding telephone calls to

6   residential telephone lines); 47 C.F.R. § 64.1200(a)(2)(iv) (exempting from the TCPA's

7   prohibitions regarding telephone calls to residential telephone lines calls "made to any person

8   with whom the caller has an established business relationship"); FCC Declaratory Ruling, FCC

9   07-232, at ¶ 9 (Dec. 28, 2007) (clarifying that "autodialed and prerecorded message calls to

10  wireless numbers provided by the called party in connection with an existing debt" are

11  permissible under the TCPA because they fall under the exception for calls made with the "prior

12  express consent" of the called party).  The number of persons in the proposed "national" class

13  therefore exceeds 100.  28 U.S.C. § 1332(d)(5)(B).

14          5.      Plaintiff also asserts claims under Washington's analog to the TCPA,

15  Washington's analog to the federal Fair Debt Collections Practices Act ("FDCPA"), and the

16  Washington Consumer Protection Act ("CPA"), and she asserts claims for declaratory relief, all

17  on behalf of herself and the following Washington "State Class":

18          All Washington persons who received a prerecorded telephone
            message on their telephone, including their cellular telephone,
19          from Defendants sent by automatic dialing machine ("State
            Class"), at any time for the period that begins 4 years from the date
20          of this complaint to trial.

21  Compl. ¶¶ 3.13-3.18, 4.2.  Clearwire's business records also show that within the past four years

22  prerecorded telephone messages have been left by automated dialers to more than 100 of

23  Clearwire's Washington customers for collections purposes, Reyes Decl.¶ 5, as is permitted

24  under Washington's analogs to the TCPA, FDCPA and under the CPA.  *See* RCW 80.36.400

25  (prohibiting automatic dialing devices used "for purposes of commercial solicitation," defined as

26  "the unsolicited initiation of a telephone conversation for the purposed of encouraging a person

27  to purchase property, goods, or services," i.e., not applying to debt collection efforts, and making

NOTICE OF REMOVAL
(No. C09-        ) — 3
DWT 13406505v1 0065187-000986

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1    violation of the section a *per se* CPA violation); RCW 19.16.250 (prohibiting certain debt

2    collection activities *by collection agencies*, not other entities collecting their own debts);

3    RCW 19.16.440 (declaring violations of RCW 19.16.250 to be unfair acts or practices under the

4    CPA). The number of persons in the proposed Washington "State Class" therefore exceeds 100.

5    28 U.S.C. § 1332(d)(5)(B).

6    <u>**The Amount in Controversy Exceeds $5,000,000**</u>

7       6.    "In a class action, the claims of the individual class members shall be aggregated

8    to determine whether the matter in controversy exceeds the sum or value of $5,000,000,

9    exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter

10    in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). Where a

11    plaintiff fails to plead a specific amount of damages and the amount in controversy is not

12    "facially apparent" from the complaint, "the court may consider facts in the removal" notice to

13    determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

14    (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)).

15       7.    Plaintiff seeks to recover, among other damages, "[j]udgment against Defendants

16    for incidental statutory damages of $500 per message sent to Plaintiff and each member of the

17    Classes, and other damages." Compl., Prayer ¶ C. Clearwire's business records show that

18    within the past four years (the class period asserted by plaintiff in her complaint) more than

19    5,000 prerecorded telephone messages have been left by automated dialers to Clearwire's

20    customers for collections purposes—as the law allows. Reyes Decl. ¶ 5. Thus, plaintiff seeks

21    statutory damages on behalf of the proposed classes in excess of $2,500,000.

22       8.    In addition to the damages described above, plaintiff also seeks treble damages

23    under the CPA and for willful violation of the TCPA, as well as attorneys' fees and costs.

24    Compl. ¶¶ 3.11, 3.12, 3.16 & Prayer ¶ B. In determining the amount in controversy, the Court

25    should include the amount of treble damages and attorneys' fees and costs plaintiff claims,

26    aggregated on a class-wide basis. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042,

27    1046 n.3 (9th Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

NOTICE OF REMOVAL
(No. C09-    ) — 4
DWT 13406505v1 0065187-000986

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  1998); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)).

2  Given that: (1) plaintiff is seeking "statutory damages of $500 per message sent to Plaintiff and

3  each member of the Classes," Compl., Prayer ¶ C; (2) within the past four years more than 5,000

4  prerecorded telephone messages have been left by automated dialers to Clearwire's customers

5  for collections purposes, Reyes Decl. ¶ 5; and (3) plaintiff seeks treble damages, attorneys' fees,

6  and costs, plaintiff has placed far more than $5 million in controversy. *See* CR 101(a) (requiring

7  explanation of "good faith belief" as to amount in controversy).

8  **Diversity Exists**

9        9.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a

10  class action in which "any member of a class of plaintiffs is a citizen of a State different from

11  any defendant." Clearwire Corporation is a Delaware corporation with its principal offices in

12  Kirkland, Washington. Reyes Decl. ¶ 7. It is therefore a citizen of both Delaware and

13  Washington. 28 U.S.C. § 1332(c)(1). The Complaint seeks certification of a "nationwide" class

14  of all persons who received in the past four years a prerecorded telephone message from

15  Clearwire sent by automatic dialing machine. *Id*. ¶ 4.2. Clearwire's business records show that

16  numerous Clearwire customers who have been left prerecorded telephone messages sent by

17  automated dialers within the past four years have service addresses in states other than

18  Washington or Delaware. Reyes Decl. ¶ 6. Diversity exists between at least one member of the

19  putative class and one defendant, satisfying the requirements of 28 U.S.C. § 1332(d)(2)(A).

20  **The Exceptions to Jurisdiction Do Not Apply**

21        10.     The exceptions to jurisdiction set forth in 28 U.S.C. §§ 1332(d)(3) and (4) do not

22  apply because fewer than one-third of the members of the proposed classes reside in

23  Washington. *See* 28 U.S.C. § 1332(d)(3), (4); Reyes Decl. ¶ 6.

24  **The Remaining Procedural Requirements Are Satisfied**

25        11.     The United States District Court for the Western District of Washington is the

26  federal judicial district embracing King County Superior Court, where the suit was originally

27  filed. 28 U.S.C. § 128(b). Seattle is the proper division or location for the matter. CR 5(e)(1).

NOTICE OF REMOVAL
(No. C09-        ) — 5
DWT 13406505v1 0065187-000986

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    12.    A copy of all process, pleadings, and orders served on Clearwire in this action are

2  attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

3    13.    Promptly after filing the Notice of Removal, Clearwire will give written notice to

4  plaintiff's counsel, and will file a copy of this Notice with the Clerk of the King County Superior

5  Court, pursuant to 28 U.S.C. § 1446(d).

6    Wherefore, Clearwire hereby removes this action from the Superior Court of Washington

7  for King County.

8    DATED this 1st day of October, 2009.

9
10
                                    Davis Wright Tremaine LLP
                                    Attorneys for Defendants

11
                        By:    s/Kenneth E. Payson
12                             Stephen M. Rummage, WSBA #11168
                               Kenneth E. Payson, WSBA #26369
13                             1201 Third Avenue, Suite 2200
                               Seattle, WA 98101-3045
14                             Telephone:  206-622-3150
                               Fax:  206-757-7700
15                             E-mail:  steverummage@dwt.com
                                        kenpayson@dwt.com
16
17
18
19
20
21
22
23
24
25
26
27

NOTICE OF REMOVAL
(No. C09-        ) — 6
DWT 13406505v1 0065187-000986

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2009, I caused a copy of the foregoing document to be

served on plaintiff's counsel via email per consent of counsel:

4

5

6

7

8

Kim Williams
Rob Williamson
Williamson & Williams
187 Parfitt Way SW, Ste. 250
Bainbridge Island, WA 98110
E-mail: kim@williamslaw.com
      roblin@williamslaw.com

DATED this 1st day of October, 2009.

9

10

11

12

13

14

s/*Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com

15

16

17

18

19

20

21

22

23

24

25

26

27

Exhibit A

COPY RECEIVED

SEP 01 2009

DWTR&J CORP

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Rosa Kwan | NO. 09-2-32221-0 SEA |
| VS | CASE INFORMATION COVER SHEET |
| Clearwire Corporation, Clearwire Comm | AND AREA DESIGNATION |

<u>CAUSE OF ACTION</u>

**(TTO) -**   TORT, NON-MOTOR VEHICLE

<u>AREA DESIGNATION</u>

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all
of Interstate 90 right of way, all of the cities of Seattle, Mercer
Island, Issaquah, and North Bend, and all of Vashon and Maury
Islands.

COPY RECEIVED

SEP 0 1 2009

DWTR&J CORP

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROSA KWAN,

                                Plaintiff,

      v.

CLEARWIRE CORPORATION,
CLEARWIRE COMMUNICATIONS LLC
and CLEARWIRE US LLC,

                            Defendants.

**CLASS ACTION**

**No.**   09-2-32221-0 SEA

**SUMMONS**

TO:     CLEARWIRE CORPORATION, CLEARWIRE COMMUNICATIONS LLC
and CLEARWIRE US LLC, Defendants,

         A lawsuit has been started against you in the above-entitled Court by the

Plaintiff.  Plaintiff's claims are stated in the written Complaint, a copy of which is served

upon you with this Summons.

         In order to defend against the lawsuit, you must respond to the Complaint by

stating your defense in writing, and serve a copy upon the undersigned attorney for the

Plaintiff within twenty (20) days after the service of this Summons, or within sixty (60)

days if this Summons was served outside the State of Washington, excluding the day of

service, or a default judgment may be entered against you without notice.  A default

judgment is one where the Plaintiff is entitled to what has been asked for because you

SUMMONS -1



WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williams-law.com

have not responded.  If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.


DATED this 31st day of August, 2009.


WILLIAMSON & WILLIAMS

By: _____
Rob Williamson, WSBA # 11387
Kim Williams, WSBA #9077

*Attorneys for Plaintiff and the
Proposed Classes*


SUMMONS -2

WILLIAMSON
& WILLIAMS   182 PARITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

COPY RECEIVED

SEP 0 1 2009

DWTR&J CORP

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| ROSA KWAN, | CLASS ACTION |
| Plaintiff, | Case No.  09-2-32221-0 SEA |
| vs. | COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF |
| CLEARWIRE CORPORATION, CLEARWIRE COMMUNICATIONS LLC and CLEARWIRE US LLC, | |
| Defendants. | |

Plaintiff Rosa Kwan, individually and as class representative for a National Class of similarly situated individuals and a Washington State Class of similarly situated individuals, alleges as follows:

### I. PARTIES, JURISDICTION, VENUE

1.1.    Defendant Clearwire Corporation is a Delaware corporation with its principle offices in Milton, Florida.

1.2    Defendant Clearwire Communications LLC is a Delaware Corporation with its principle offices in Milton, Florida.

1.3.    Defendant Clearwire US LLC is a Nevada corporation with its principle offices in Milton, Florida.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 1

**WILLIAMSON & WILLIAMS**  187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

1.4.    Plaintiff Rosa Kwan is a resident of Bellevue, Washington and the owner of the cellular telephone on which she receives calls, including those which are the subject of this complaint.

1.5.    The calls in question were received on plaintiff Kwan's cellular telephone in King County, Washington.

1.6.    Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article 4, §6.

## II. FACTS

2.1    On multiple occasions in 2009, Defendants placed calls to plaintiff Kwan's cellular telephone number.

2.2.    The calls consisted of a pre-recorded message delivered by an automatic dialing and announcing device ("ADAD"). The pre-recorded message instructed Plaintiff to return the call to receive important information. Defendants are responsible for making these ADAD calls.

2.3.    Upon information and belief, Defendants placed hundreds or more substantially similar telephone calls to the telephones of persons in Washington State, including persons in King County, and to persons in other states.

2.4.    Upon information and belief, Defendants intend to continue to send messages to the telephones of persons in Washington State and other states.

## III. CAUSES OF ACTION

3.1.    Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 2

**WILLIAMSON & WILLIAMS**
182 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

**Count A. Violation 47 U.S.C. 227(b)(1)(A)(iii)(National Class)**

3.11.    Defendants have violated 47 U.S.C. 227(b)(1)(A)(iii) and 47 CFR Section 64.1200 (a)(l)(iii).

3.12    As a result of said conduct, Plaintiff and members of the National Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory or other damages.

**Count B.  Violation of RCW 80.36.400 or RCW 19.16.250(12) and (16)**

**(Washington State Class)**

3.13    On information and belief, Defendants have violated RCW 80.36.400, or RCW 19.16.250(12) and (16) and WAC 480-120-253(5)(a).

3.14    As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory or other damages.

**Count C.  Violation of RCW 19.86 (Washington State Class)**

3.15    Under RCW 80.36.400(3), Defendants' violation of RCW 80.36.400 would constitute violation of RCW 19.86, et seq., the Washington Consumer Protection Act ("CPA"), and, under RCW 19.16.440,  Defendants' violation of RCW 19.16.250(12) and (16) likewise would violate the CPA.

3.16    As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages.  Under the CPA, Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental and statutory damages and treble that amount as determined by law, and costs of suit and attorney's fees.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3



**Count D.  Declaratory Relief Under The Washington
Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)**

3.17    Defendants used an automated dialing and announcement device to send

prerecorded messages to the telephones of persons in Washington.

3.18    Plaintiff and the Washington State Class are entitled to have their rights, status

and legal relations relating to Defendants' use of an automatic dialing and announcing device

established by this Court.

## IV.  CLASS ACTION ALLEGATIONS

4.1.    Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2.    This class action is brought and may be maintained pursuant to CR 23(b)(2) and

(b)(3).  Plaintiff seeks to represent two Classes comprised of:

> All persons who received a prerecorded telephone message on their
> telephone, including their cellular telephone, from Defendants sent by
> automatic dialing machine ("National Class"), at any time for the period
> that begins 4 years from the date of this complaint to trial; and

> All Washington persons who received a prerecorded telephone message
> on their telephone, including their cellular telephone, from Defendants
> sent by automatic dialing machine ("State Class"), at any time for the
> period that begins 4 years from the date of this complaint to trial.

4.3.    **Numerosity.**   The Classes are each so numerous that joinder of all members is

impracticable.

4.4.    **Common Questions of Law and Fact.**  The questions of law and fact are the

same for all class members, including whether the Defendants' conduct violated 47 U.S.C.

227(b)(1)(A)(iii) and RCW 80.36.400 or RCW 19.16.250.

\\\

\\\

\\

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 4

**WILLIAMSON
& WILLIAMS**  187 PASSFIT WAY SW
SUITE 230
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

4.5. **The Plaintiff's Claims are Typical of the Class.** Plaintiff's claims are typical of the Classes in that they arise from Defendants' repeated violation of 47 U.S.C. 227(b)(1)(A)(iii) and RCW 80.36.400 or RCW 19.16.250, and the CPA as to Plaintiff and all other class members.

4.6. **The Plaintiff Will Fairly and Adequately Protect Class.** Plaintiff will adequately represent and protect the interests of the Classes because she has retained competent and experienced counsel and her interests in the litigation are not antagonistic to the other members of the Classes.

4.7. **A Class Action is Maintainable Under CR 23(b)(3).** The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendants' unlawful use of one or more ADADs. The prosecution of separate actions by individual members of the Classes against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Class' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8. **A Class Action is Maintainable Under CR 23(b)(2).** Defendants have acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.



## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of herself and the Classes of similarly situated individuals, respectfully request that the Court enter judgment in their favor and in favor of the class for:

A.   Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.   Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to use automatic dialing and announcement devices to send  messages to cellular telephone subscribers;

C.   Judgment against Defendants for incidental statutory damages of $500.00 per message sent to Plaintiff and each member of the Classes, and other damages, including treble damages for willful or knowing statutory violations, are permitted under federal and state law;

D.   Any other or further relief which the Court deems fair and equitable.

DATED this 36t day of August, 2009.

WILLIAMSON & WILLIAMS

By _____
Kim Williams, WSBA # 9077
Rob Williamson, WSBA #11387
*Attorneys for Plaintiff and the Proposed Classes*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 6



WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (fax)
www.williamslaw.com

COPY RECEIVED

SEP 01 2009

DWTR&J CORP

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Rosa Kwan | NO.  09-2-32221-0    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| Clearwire Corporation, Clearwire Communications LLC and Clearwire US LLC | ASSIGNED JUDGE  Inveen                48 |
| | FILE DATE:                              08/31/2009 |
| Defendant(s) | TRIAL DATE:                          02/14/2011 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| Print Name | Sign Name |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 08/31/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See *KCLMAR 2.1(a)* and Notices on Page 2]. $220 arbitration fee must be paid | Mon 02/08/2010 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See *KCLCR 4.2(a)* and Notices on Page 2]. | Mon 02/08/2010 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*]. | Mon 02/22/2010 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See *KCLCR 26(b)*]. | Mon 09/13/2010 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See *KCLCR 26(b)*]. | Mon 10/25/2010 | |
| DEADLINE for Jury Demand [See *KCLCR 38(b)(2)*]. | Mon 11/08/2010 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See *KCLCR 40(d)(2)*]. | Mon 11/08/2010 | * |
| DEADLINE for Discovery Cutoff [See *KCLCR 37(g)*]. | Mon 12/27/2010 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See *KCLCR 16(b)*]. | Tue 01/18/2011 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See *KCLCR 4(j)*]. | Mon 01/24/2011 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See *KCLCR 16(a)(2)*]. | Mon 01/24/2011 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See *KCLCR 56; CR 56*]. | Mon 01/31/2011 | |
| Joint Statement of Evidence [See *KCLCR (4)(k)*]. | Mon 02/07/2011 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 02/07/2011 | * |
| Trial Date [See *KCLCR 40*]. | Mon 02/14/2011 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   08/31/2009

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment.  Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**