UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA KWAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLEARWIRE CORPORATION, et al., <br><br> Defendants. | CASE NO. C09-1392JLR <br><br> ORDER GRANTING PARTIES' STIPULATION AND STAYING CASE PENDING SUPREME COURT DECISION |

## I. INTRODUCTION

Before the court is Defendant Clearwire Corporation, Clearwire Communication LLC, and Clearwire US LLC's (collectively "Clearwire") Motion to Compel Arbitration and Stay Claims (Dkt. # 114), Defendant Clearwire's Motion to Stay Pending Supreme Court Ruling in *AT&T Mobility LLC v. Concepcion* (Dkt. # 117), Defendant Bureau of Recovery LLC's ("Bureau of Recovery") Motion to Compel Arbitration and Dismiss the Matters by Brown and Reasonover or Stay (Dkt. # 118), and the Parties' Stipulation and

ORDER- 1

[Proposed] Order Staying Case Pending Supreme Court Ruling in *AT&T Mobility v. Concepcion* (Dkt. # 120).  Having reviewed the submissions of the parties with regard to the forgoing motions and stipulation, the court (1) GRANTS the stipulation (Dkt. # 120) and stays this action pending resolution of the Supreme Court's decision in *Concepcion*, (2) STRIKES the pending motions to compel arbitration (Dkt. ## 114 & 118) without prejudice to re-filing if appropriate following the court's lifting of the stay, and (3) DENIES Clearwire's motion for a stay (Dkt. # 117) as moot in light of the parties' stipulation.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Rosa Kwan is not a Clearwire customer, but she alleges that she was mistakenly and repeatedly called by Clearwire and/or its collection agency vendors in their efforts to reach a Clearwire customer with an overdue account.  (3rd Am. Compl. (Dkt. # 38).)  Ms. Kwan brought a class action complaint against Clearwire and its collection agency vendors for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)A)(iii), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d)(5), (d)(6) & (e)(14), civil conspiracy, Washington's Consumer Protection Act, RCW ch. 19.86 *et seq.*, and other claims.  (*Id.*)  On February 1, 2011, Ms. Kwan amended her complaint to add Plaintiffs Amber Brown and Heather Reasonover, who allegedly are or have been customers of Clearwire.  (4th Am. Compl. (Dkt. # 111).)  Ms. Brown and Ms. Reasonover also allege that they were repeatedly called by Defendants, and have sued Defendants on largely the same grounds as Ms. Kwan.  (*Id.*)

ORDER- 2

1    On January 31, 2011, the court issued a minute order directing Plaintiffs to file a
2 renewed motion for class certification no later than April 7, 2011, and to note the motion
3 no later than April 29, 2011.  (Dkt. # 110.)  In addition, the court ordered Defendants to
4 file an answer to the Fourth Amended Complaint no later than March 3, 2011, or to note
5 any motions in response to Plaintiffs' Fourth Amended Complaint no later than April 8,
6 2011.  (Dkt. # 108.)

7    On March 3, 2011, Clearwire filed a motion to compel arbitration with regard to
8 Ms. Brown's and Ms. Reasonover's claims, and to stay the litigation pending the
9 arbitrations.  (Dkt. # 114.)  In addition, Clearwire filed a motion to stay the proceedings
10 pending the Supreme Court's ruling in *Concepcion.*  (Dkt. # 117.)  On the same day,
11 Bureau of Recovery filed a similar motion seeking the same relief Clearwire sought in its
12 motions.  (Dkt. # 118.)  On March 25, 2011, the parties filed a stipulation agreeing that
13 the litigation should be stayed until following resolution of *Concepcion.*  (Dkt. # 120.)

14                           **III.    ANALYSIS**

15    Defendants' motions to compel arbitration focus on whether Clearwire's
16 arbitration agreements – and their class action waiver provisions – are unconscionable
17 under Texas and Washington law.  (*See* Mot. to Stay (Dkt. # 117) at 1.)  In *AT&T*
18 *Mobility v. Concepcion,* ___ U.S. ___, 130 S.Ct. 3322 (2010), the United States Supreme
19 Court granted a writ of certiorari to consider an issue that will likely determine, or
20 significantly impact, this analysis:  whether the Federal Arbitration Act ("FAA"), 9
21 U.S.C. § 2, preempts state law from conditioning enforcement of an arbitration clause on
22 the availability of a class action.

Section 2 of the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Washington Supreme Court, however, has held that an arbitration clause, similar to the one found here, is "unconscionable because it effectively denies large numbers of consumers the protections of Washington's Consumer Protection Act (CPA), chapter 19.86 RCW, and because it effectively exculpates [defendant telecommunications company] from liability for a whole class of wrongful conduct." *Scott v. Cingular Wireless,* 161 P.3d 1000, 1003 (Wash. 2007).

Clearwire contends that Washington law, as reflected in *Scott,* is preempted by the FAA. (Mot. to Stay at 2.) The Ninth Circuit has held otherwise. *See Lowden v. T-Mobile USA, Inc.,* 512 F.3d 1213, 1221 (9th Cir. 2008) ("Just as the FAA does not preempt California's unconscionability law, it does not preempt Washington's unconscionability law."); *see also Shroyer v. New Cingular Wireless Servs., Inc.,* 498 F.3d 976, 987-93 (9th Cir. 2007) (holding the FAA does not preempt California's unconscionability law); *Laster v. AT&T Mobility LLC,* 584 F.3d 849, 857 (9th Cir. 2009) ("*Shroyer* controls this case because AT&T makes the same [preemption] arguments we rejected there.")

On May 24, 2010, the United States Supreme Court granted a Petition for Writ of Certiorari in the *Laster* matter, now renamed *Concepcion. AT&T Mobility LLC v. Concepcion,* ___ U.S. ___, 130 S. Ct. 3322 (2010). Specifically, the Petition asks:

> Whether the FAA preempts States from conditioning the enforcement of an arbitration agreement on the availability of particular procedures – here class-wide arbitration – when those procedures are not necessary to ensure

ORDER- 4

that the parties to the arbitration agreement are able to vindicate their claims.

*AT&T Mobility LLC v. Concepcion,* 2010 WL 304265, at *i (Petition for Writ of Certiorari, filed Jan. 25, 2010). Thus, the Supreme Court's ruling in *Concepcion* is likely to directly impact the issues pending in this case – specifically whether Washington law, as reflected in *Scott*, is preempted by the FAA.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979)). Before granting a stay, a court must weigh the "competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall,* 300 F.3d 265, 268 (9th Cir. 1962). The Ninth Circuit has identified three factors that must be weighed: (1) the hardship or inequity that a party may suffer in being required to go forward; (2) the possible damage that may result from granting a stay; and (3) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

ORDER- 5

All three factors weigh in favor of a stay here. First, there is a significant possibility that the arbitrability of Ms. Brown's and Ms. Reasonover's claims will turn on the Supreme Court's opinion in *Concepcion*. The burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration. *See Kaltwasser v. Cingular Wireless LLC,* 2010 WL 2557379, at *2 (N.D. Cal. June 21, 2010) ("[T]he nature and extent of discovery in private arbitration is fundamentally different from that allowed in class-action litigation."); *Del Rio v. Creditanswer, LLC,* 2010 WL 3418430, at *4 (S.D. Cal. Aug. 26, 2010) ("The difference in litigation between a two-party case and a class action is substantial."). Thus, rendering a decision at odds with the Supreme Court's ultimate ruling in *Concepcion* would risk imposing hardship or inequity upon Defendants.

Plaintiffs have stipulated to the stay, and so the second factor – possible damage that may result from granting the stay – is not in play. Further, the Supreme Court is likely to decide *Concepcion* within the next few months, and so any delay caused by the stay is likely to be brief. "A resolution of *Concepcion* will come no later than June 2011 (the end of the current Supreme Court term), and may well come sooner." *Stoican v. Cello P'ship,* 2010 WL 5769125, at *2 (W.D. Wash. Dec. 10, 2010) (granting stay pending decision in *Concepcion* given likely impact on arbitrability of class plaintiff's claims under Washington law).

Finally, the third factor – the orderly course of justice – weighs in favor of a stay. "Arguably, the Supreme Court's decision in *Concepcion* will simplify the present issue in this case, namely, whether the [a]rbitration [c]lause in [d]efendant's [a]greement is valid

and enforceable." *Carney v. Verizon Wireless Telecom, Inc.,* 2010 WL 3058106, at *3 (S.D. Cal. 2010). "[G]iven the significant possibility that the arbitrability of [plaintiff's] claims [under Washington law] will turn on the Supreme Court's opinion in *Concepcion,* the court finds it inefficient to proceed with litigation of this case." *See Stoican,* 2010 WL 5769125, at *2.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS the parties' stipulation (Dkt. # 120) staying this case in its entirety pending the Supreme Court's ruling in *Concepcion.* All pretrial and other deadlines are vacated, including the briefing schedule on Plaintiffs' motion for class certification. In addition, the court STRIKES Defendants' motions to compel arbitration (Dkt. ## 114, 118) without prejudice to re-filing if appropriate following the court's lifting of the stay. The court also DENIES Clearwire's motion to stay the proceedings (Dkt. # 177) as moot in light of the parties' stipulation (Dkt. # 120) and this order. Finally, the court ORDERS the parties to provide a joint status report within ten (10) days following the Supreme Court's ruling in *Concepcion*, or within six months of the date of this order, whichever is first.

Dated this 29th day of March, 2011.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 7